**GRANITE STATE OUTDOOR ADVERTISING, INC., Plaintiff–Appellant,**

v.

**ZONING BOARD OF THE CITY OF STAMFORD; City of Stamford; Dannel P. Malloy, i/o Mayor; Jacquelin Heftman, i/o as Chairperson of City Zoning Board; James J. Lunney, III,**

i/o as Land Use Admin. Officers; David Studley, i/o as Zoning Inspector; and James F. Sullivan, Defendants–Appellees,

Town of Greenwich; Town of Westport; and Town of Darien, Movants.

Docket No. 01–7963.

United States Court of Appeals, Second Circuit.

June 25, 2002.

E. Adam Webb, Dow, Lohnes & Albertson, PLLC (Sean R. Smith, Dow, Lohnes & Albertson, PLLC, Kevin C. Shea, William H. Clendenen, Jr., P.C., New Haven, CT, on the brief), Atlanta, GA, for Appellant.

Mark R. Kravitz, Wiggin & Dana (Suzanne E. Wachsstock, on the brief), Stamford, CT, for Appellees City of Stamford, Zoning Board, and Officials.

Richard Blumenthal, Attorney General (Peter R. Huntsman, Assistant Attorney General, on the brief), Hartford, CT, for Appellee James F. Sullivan.

Mary–Michelle U. Hirschoff, Bethany, CT, for Amicus Curiae Connecticut Conference of Municipalities.

Present John M. Walker, Jr., Chief Judge, Dennis Jacobs and Pierre N. Leval, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Granite State Outdoor Advertising, Inc. ("Granite State") appeals from the decision of the district court (Nevas, *D.J.*) granting summary judgment in favor of defendants-appellants the City of Stamford, the Stamford zoning board and various Stamford officials (collectively, "Stamford") and James F. Sullivan, the Commissioner of Transportation of the State of Connecticut, and dismissing its claim that Stamford and Connecticut regulations concerning outdoor signs violated the First Amendment. On appeal, Granite State argues that the district court erred in finding that (1) its challenge to the Stamford sign regulations was rendered moot when Stamford amended its sign regulations; (2) plaintiff was not entitled to damages; and (3) plaintiff had no standing to challenge the Connecticut sign regulations. Plaintiff also argues that Stamford and Connecticut sign regulations in effect at the time Granite State filed the permit applications were unconstitutional on their face.

This appeal arises from the denial of two applications for sign permits submitted by Granite State to Stamford's zoning board. It is undisputed that the billboards for which Granite State sought permits violated the height and size restrictions in the Stamford regulations in effect when the applications were filed. In an amended complaint, Granite State attacked the Stamford and Connecticut sign regulations as facially unconstitutional under the First Amendment and requested injunctive relief and damages. After the complaint was filed, Stamford amended its sign regulations. Granite State has not challenged the revised regulations.

In its decision granting summary judgment, the district court declined to address plaintiff's constitutional claims on the ground that the amendments to the Stamford regulations rendered the case moot. In addition, the district court rejected Granite State's claim that its challenge to Stamford's regulations was not moot under Conn. Gen.Stat. § 8–2h. In a subsequent order clarifying its ruling, the district court found that (1) the constitutional chal-

lenges to the Connecticut regulations were "unavailing" because the Connecticut sign regulations prohibit granting state permits for signs that have not been approved by the municipality in which the sign is to be located; (2) there was no reasonable likelihood that Stamford would re-enact its old regulations; and (3) plaintiff's claims for damages were either moot or unavailable with respect to plaintiff's facial, rather than as-applied, challenges.

As mootness divests a federal court of jurisdiction to adjudicate the merits of a claim, *see Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir.2001), we address this issue first. Where the question of mootness turns on the defendant's voluntary cessation of allegedly illegal activities, we review the district court's decision for an abuse of discretion. *See Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 n. 3 (2d Cir.1998). In all other cases, we review the district court's decision *de novo. Id.*

The voluntary cessation of allegedly illegal activities may render a case moot "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir.1996) (internal quotation marks omitted); *see Catanzano*, 277 F.3d at 107 (2d Cir.2001). It is uncontested that the amended sign regulations conform to Stamford's already existing practices and thus we see no reason to suspect that the former sign regulations would be re-enacted. In addition, Granite State does not contend that the amended sign regulations are unconstitutional and thus there is no reason to believe that any unconstitutional restrictions are currently in place.

We further agree with the district court that Conn. Gen.Stat. § 8–2h does not preserve our jurisdiction in this case. This statute provides that applications filed before zoning regulations are amended need only comply with the regulations in effect at the time the application was filed. *See* Conn. Gen.Stat. § 8–2h. Connecticut state courts interpreting § 8–2h have held that zoning amendments enacted after the filing of an application for a sign permit cannot moot a zoning appeal and that only regulations in place at the time the application was filed may be applied to pending applications. *See Protect Hamden/North Haven v. Planning and Zoning Comm'n*, 220 Conn. 527, 540, 600 A.2d 757 (1991); *Michel v. Planning and Zoning Comm'n*, 28 Conn.App. 314, 318, 612 A.2d 778 (1992). The plain language of the statute, however, establishes that it applies only to applications that are "in conformance with the applicable zoning regulations as of the time of filing." Conn. Gen.Stat. § 8–2h(a). Because Granite State concedes that its application did not conform with the height, size, and setback requirements of the then-applicable regulations, § 8–2h does not apply.

We also find that Granite State's claim for damages is meritless. It is uncontested that its application failed to conform to Stamford's height, size, location and setback requirements, as to which we can see no constitutional infirmity. The application was inevitably destined for rejection, even if the allegedly unconstitutional aspects of Stamford's regulations were eliminated. Thus, Granite State can show no injury that has been caused by the allegedly unconstitutional restrictions in the sign regulations. Because Granite State's claims for injunctive relief are moot and its claim for damages is without merit, we dismiss its claims against Stamford's sign regulations.

Finally, we conclude that Granite State lacks standing to challenge Con-

necticut's sign regulations. To establish standing, a plaintiff must show that (1) he has suffered an "injury in fact"; (2) the injury is causally connected to the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If plaintiff had submitted an application to the state, it would have been denied because Connecticut's regulations prohibit signs that are not in conformity with local zoning regulations. *See* Regs. of Conn. State Agencies § 13a–123–4(e). As noted above, Granite State's application did not conform to Stamford's height, size, location, and setback requirements, and therefore inevitably would have been rejected by Connecticut. Thus, our review of the state regulations could not result in the redress of injuries, if any, caused by allegedly unconstitutional state regulations.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**